IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| MERLE RICHARD SCHMIDT,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID F. SEABA and<br>SUELLEN SEABA,<br><br>Defendants. | Case No. C09-0057<br><br>REPORT AND RECOMMENDATION |

On the 20th day of October 2009, this matter came on for hearing on the Motion for Rule 11 Sanctions (docket number 4) filed by the Defendants on May 18, 2009; the Application for Fees and Expenses (docket number 19) filed by the Defendants on July 31, 2009; the Motion to Strike Pleadings and Motion for Sanctions (docket number 27) filed by the Defendants on October 2, 2009; and the Motion for Order Commanding Clerk to Execute Default Judgment (docket number 28) filed by the Plaintiff on October 2, 2009.

Plaintiff Merle Richard Schmidt ("Schmidt") did not appear, nor anyone for him. Defendants David F. Seaba and Suellen Seaba ("the Seabas") did not appear, but were represented by their attorney, Samantha C. Norris.

## I. NOTICE OF HEARING

As noted above, Schmidt did not appear at the time of hearing. Preliminarily, the Court will address the issue of notice given to Schmidt regarding the hearing. The Order Setting Hearing was filed on October 6, 2009. On that date, a copy of the Order and a copy of the Notice of Electronic Filing ("NEF") were sent to Schmidt by ordinary mail. The envelope was addressed to "MERLE SCHMIDT" at 2691 CC Ave, Victor, Iowa 52347.

1

We know that the envelope was received by Schmidt because it was subsequently returned by him to the Clerk of Court, together with a letter dated October 9, 2009. Schmidt's letter refers to the "unopened item mailed by you on October 6, 2009 that was in my mail on October 8, 2009." The letter states, in part:

> I have no knowledge of the contents of this letter. If this communique was intended for Merle Richard Schmidt "R." please mail to me and not to a subject entity named MERLE SCHMIDT."

*See* letter from Merle Richard Schmidt "R" to the Clerk, dated October 9, 2009 (docket number 31 at 1).

The Clerk of Court then remailed the Order Setting Hearing and the NEF to Schmidt in a new envelope. This time, the envelope was addressed to "MERLE RICHARD SCHMIDT 'R.'." We know that the envelope was received by Schmidt because it was returned as an attachment to a document entitled "Plaintiff's Notice of Invoking Judicial Cognizance," filed on October 19, 2009. Schmidt asserts that the envelope was "commingled in mail to Merle Richard Schmidt 'R.'."[1] While Schmidt's notice is not explicit, he apparently objects to the Clerk's use of all capital letters when addressing his name on the envelope, referring to the addressee as a "juristic person."[2]

## II. PROCEDURAL HISTORY

On April 27, 2009, Plaintiff Merle Richard Schmidt filed a "Complaint for Ejectment at Law." Schmidt claimed that title to certain real property is held by the River Valley Family Trust, and asked that he be given immediate possession of the property, as trustee. Schmidt also demanded the Seabas' "immediate ouster" from the property, together with monetary damages. The Seabas were served with a Summons on April 28,

---

[1] *See* Plaintiff's Notice of Invoking Judicial Cognizance, ¶ 6 at 1 (docket number 34 at 1).

[2] *See Id.* at 2 (docket number 34 at 2).

2

2009. On May 18, 2009, the Seabas filed a timely Motion to Dismiss. Also at that time, the Seabas filed a Motion for Rule 11 Sanctions (docket number 4).

On July 13, 2009, the District Court granted the Seabas' motion to dismiss, thereby dismissing Schmidt's complaint with prejudice. In reaching its conclusion, the Court found that "the instant lawsuit is yet another bad faith attempt by Plaintiff to use the federal court system to harass Defendants and increase the costs of this already settled dispute."[3] The Court also granted in part the Seabas' motion for sanctions, stating that "Plaintiff's flagrant and repetitive abuse of the judicial process stops here."[4] To determine the appropriate amount of sanctions to be imposed against Schmidt, the Court established the following procedure:

> On or before July 31, 2009, Defendants may file with the court evidence in support of their request for attorneys' fees and costs. Plaintiff shall have until August 14, 2009, to file any reply to the evidence that Defendants submit and to contest the amount of Defendants' requested award. The court also permits Plaintiff one last opportunity to show cause why he should not be sanctioned. Defendants shall have until August 22, 2009 to file a reply.

See Order at 2 (docket number 13 at 2).

In compliance with the Court's Order, the Seabas filed an Application for Fees and Expenses (docket number 19) on July 31, 2009. The application was supported by an itemization of the time and expenses incurred by the Seabas' counsel (Exhibit A) and an affidavit by Seabas' counsel (Exhibit B). While Schmidt filed five documents prior to the August 14 deadline established in the Court's Order, none were responsive to the issue of sanctions or attorney fees.[5]

---

[3] See Order at 1 (docket number 13 at 1).

[4] Id. at 2 (docket number 13 at 2).

[5] On July 15, Schmidt filed a "Motion for Minute Order to Compel an Answer by
(continued...)

3

On October 2, 2009, the Seabas filed a Motion to Strike Pleadings and Motion for Sanctions (docket number 27). The Seabas ask the Court to strike Schmidt's various filings, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(f). The Seabas also seek additional Rule 11 sanctions. Finally, the Seabas ask that Schmidt be found in contempt of court.

> Plaintiff's behavior has violated the spirit, if not the letter, of the Court's July 13, 2009 Order. Therefore, Defendants respectfully submit that he should be found in contempt of the July 13, 2009 Order and should be sanctioned accordingly. Finally, Defendants note that while Schmidt has been subjected to monetary sanctions before due to his conduct, those sanctions clearly have not stopped his harassment of Defendants.

*See* Defendants' Motion to Strike Pleadings and Motion for Sanctions, ¶ 10 at 3 (docket number 27 at 3).

Also on October 2, 2009, Schmidt filed a "Motion for Order Commanding Clerk to Execute Default Judgment" (docket number 28). Schmidt asserts that the Seabas

---

[5](...continued)
the Defendants' Counsel" (docket number 16); on July 21, Schmidt filed a "Return of Offer of Orders Rendered From the Wrong Side of the Court to Obtain Power of Attorney Over Plaintiff" (docket number 18); on August 6, Schmidt filed a "Notice of Revocation of Power of Attorney" (docket number 20); on August 10, 2009, Schmidt filed an identical document (docket number 21); and on August 13, Schmidt filed a document entitled "The Court's Writ of Error Quae Coram Nobis Residant" (docket number 22).

Following the August 14 deadline established by the Court, Schmidt continued to file documents: On September 1, Schmidt filed a document entitled "The Court's Order for Plaintiff to Proceed Upon Agreement of the Parties" (docket number 23); on September 9, Schmidt filed a "Plaintiff's Notice of Intent to File Written Application for Default Against Defendants David F. Seaba and Suellen Seaba" (docket number 25); and on September 15, Schmidt filed a document entitled "The Court's Order Denying Defendants' Response to Plaintiff's Writ, Order and Notice of Intent to File Application for Default" (docket number 26).

"willfully failed to serve and file an answer to the Complaint" and, therefore, default judgment should enter in Schmidt's favor.

On October 5, 2009, you referred these various matters to me for a report and recommendation regarding their disposition. *See* Order (docket number 29).

### *III. DISCUSSION*

#### *A. Rule 11 Sanctions*

Every pleading, written motion, and other paper filed with the court must be signed by a party personally if the party is unrepresented by counsel. FED. R. CIV. P. 11(a). By presenting the document to the Court, an unrepresented party certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 11(b)(1). If the Court determines that Rule 11(b) has been violated, then it may impose an appropriate sanction on the party who is responsible for the violation. Rule 11(c)(1).

> The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

FED. R. CIV. P. 11(c)(4).

In this case, the Seabas filed a motion for Rule 11 sanctions on May 18, 2009. In its Order dismissing Schmidt's complaint, the Court concluded that "the instant lawsuit is yet another bad faith attempt by Plaintiff to use the federal court system to harass Defendants and increase the cost of this already settled dispute."[6] In addition, the Court noted that Schmidt had an opportunity to resist the motion for sanctions, but neglected to do so. Citing Schmidt's "flagrant and repetitive abuse of the judicial process," the Court

---

[6] *See* Order at 1 (docket number 13 at 1).

5

granted the motion for sanctions in part.[7] The Court directed the Seabas to submit evidence in support of their request for attorneys' fees and costs, and provided Schmidt "one last opportunity to show cause why he should not be sanctioned."[8] However, Schmidt's subsequent filings were nonresponsive and frivolous.

Pursuant to the District Court's Order, the Seabas timely filed an application for fees and expenses. The application is supported by an affidavit from the Seabas' attorney, declaring that the attorney's fees and expenses listed on the accompanying itemization "are correct and were necessarily incurred in this action." The affidavit avers that "the services for which fees and expenses have been charged were actually and necessarily performed." The accompanying itemization reflects attorney fees for the period from May 8, 2009 through July 30, 2009 of $7,669.50, plus expenses during the same period of $194.86, for a total claim of $7,864.36. As detailed above, Schmidt filed at least seven other papers with the Court since the Seabas filed their itemization on July 31, 2009. However, none of Schmidt's filings challenge the number of hours reasonably incurred by the Seabas' counsel, the reasonableness of the charged hourly rate, or the total claim.

At the hearing on the instant motions, counsel for the Seabas were given an additional seven days in which to submit an itemization for attorney fees and expenses incurred after July 30, 2009 up to and including the hearing on October 20, 2009. On October 27, the Seabas timely filed a supplemental application for fees and expenses, itemizing the costs incurred in responding to Schmidt's frivolous filings after July 31, 2009. According to the itemization and supporting affidavit, the Seabas incurred an additional $2,143 in attorney fees, plus expenses of $149.44, for an additional claim of $2,292.44. Accordingly, the grand total for attorney fees and expenses reasonably incurred by the Seabas for defending this frivolous action is $10,156.80.

---

[7] *Id.* at 2 (docket number 13 at 2).

[8] *Id.*

6

The District Court has previously found that this lawsuit is a bad faith attempt by Schmidt to harass the Seabas.[9] Accordingly, the District Court granted the Seabas' motion for Rule 11 sanctions. The Court left open the amount of attorney's fees to be assessed. I believe that Schmidt should be required to reimburse the Seabas for all attorney's fees and expenses necessarily incurred in defending the instant action and, therefore, recommend that the Court enter judgment against Schmidt in the amount of $10,156.80. *Clark v. United Parcel Service, Inc.*, 460 F.3d 1044, 1011 (8th Cir. 2006).

### B. Contempt

In the Motion for Sanctions (docket number 27) filed by Defendants on October 2, 2009, the Seabas argue that Schmidt "should be found in contempt of the July 13, 2009 Order" and sanctioned accordingly. Following the hearing, however, the Seabas filed a supplemental document, withdrawing their request that Schmidt be found in contempt of court. *See* Defendants' Submission Regarding Contempt (docket number 39). Accordingly, that portion of the Seabas' Motion for Sanctions should be denied as moot.

### C. Motion to Strike

On October 2, 2009, the Seabas filed a Motion to Strike Pleadings (docket number 27), asking for the entry of an order striking documents filed by Schmidt after the case was dismissed on July 13, 2009. FEDERAL RULE OF CIVIL PROCEDURE 12(f) permits the Court to strike "immaterial" pleadings and, therefore, I believe the motion should be granted. The Court notes parenthetically, however, that the documents filed by Schmidt have no legal significance and whether or not they are "stricken" would not seem to have any legal effect.

### D. Motion for Default Judgment

Also on October 2, 2009, Schmidt filed a "Motion for Order Commanding Clerk to Execute Default Judgment." *See* docket number 28. Schmidt notes that the Seabas have

---

[9] It is ironic that while Schmidt apparently challenges the legitimacy of this Court, he nonetheless returns repeatedly to invoke its jurisdiction.

7

not filed an answer to his complaint and, therefore, he asks that the Clerk be ordered to enter default judgment. As noted above, the Seabas timely filed a motion to dismiss. The District Court granted the Seabas' motion to dismiss on July 13, 2009, thereby dismissing Schmidt's complaint. Accordingly, no answer was required by the Seabas. Schmidt's motion for default judgment is wholly without merit and should be denied.

## IV. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court take the following action:

1. The Motion for Rule 11 Sanctions (docket number 4) filed by the Defendants on May 18, 2009, and the Application for Fees and Expenses (docket number 19) filed by the Defendants on July 31, 2009, as supplemented on October 27, 2009 (docket number 38), should be **GRANTED**, with judgment entered in favor of David F. Seaba and Suellen Seaba, and against Merle Richard Schmidt, in the amount of Ten Thousand One Hundred Fifty-Six Dollars and eighty cents ($10,156.80), plus interest.

2. That portion of the Motion for Sanctions (docket number 27) filed by the Defendants on October 2, 2009, which asks that Plaintiff be found in contempt of Court should be **DENIED** as moot.

3. The Motion to Strike Pleadings (docket number 27) filed by the Defendants on October 2, 2009 should be **GRANTED**.

4. The Motion for Order Commanding Clerk to Execute Default Judgment (docket number 28) filed by the Plaintiff on October 2, 2009 should be **DENIED**.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1)(B), that within ten (10) days after being served with a copy of these proposed findings and recommendations, any party may serve and file written objections with the District Court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if any party is going to object to this*

8

*Report and Recommendation, that party must promptly order a transcript of the hearing held on October 20, 2009.*

DATED this 28th day of October, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA