# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MERLE RICHARD SCHMIDT, Plaintiff, vs. DAVID F. SEABA and SUELLEN SEABA, Defendants. | No. C09-0057-LRR **ORDER** |

_____

## I. INTRODUCTION

The matter before the court is the report and recommendation (docket no. 41) filed by United States Magistrate Judge Jon S. Scoles on October 28, 2009. Judge Scoles' report and recommendation addresses the defendants' motion for sanctions (docket no. 4), the defendants' motion for attorney fees and expenses (docket no. 19), the defendants' motion to strike and motion for sanctions (docket no. 27), the plaintiff's motion for default judgment (docket no. 28) and the defendants' amended motion for attorney fees and expenses (docket no. 38). Neither party filed objections to the report and recommendation.

## II. STANDARD OF REVIEW

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . .

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (making clear that, where a proper objection is made, the district court must determine de novo a magistrate judge's recommendation on a dispositive motion). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

### III. ANALYSIS

As previously stated, no party filed an objection to the report and recommendation. To the extent that either the plaintiff's "notice of objection to equity and wish for the court to remedy an appearance of impropriety" (docket no. 42) or the plaintiff's "wish that [Judge Scoles'] equitable 'report and recommendation' be stricken from this action at law as a violation of 18 U.S.C. § 241" (docket no. 43) can be construed as objections, the court concludes that they are unspecific, nonsensical, wholly without merit and/or frivolous. The assertions made by the plaintiff are based on erroneous interpretations of federal law. When applied to the facts in the instant case, the law in the Eighth Circuit does not support any of the plaintiff's assertions. Further, it is clear from the record that the plaintiff's understanding of federal civil procedure is not correct and that the plaintiff misunderstands his role as a party in the instant action. Judgment entered against the

2

plaintiff on July 14, 2009. The plaintiff is not able to undermine such judgment by filing orders; the court, not the plaintiff, decides issues. Additionally, at this time, the plaintiff is not able to seek default judgment or readdress the merits of his underlying civil action. Rather than take issue with the findings and conclusions that are contained in Judge Scoles' report and recommendation, the plaintiff unwisely decided to attack Judge Scoles' authority to issue report and recommendations and the court's prior decision to dismiss with prejudice his action.

In sum, no objections have been filed, and, after reviewing Judge Scoles' findings and conclusions under a plain error standard and a de novo standard, the court concludes that there is no ground to reject or modify them. Therefore, the court shall adopt without modification Judge Scoles' October 28, 2009 report and recommendation.

## IV. CONCLUSION

Having concluded that it is appropriate to adopt Judge Scoles' report and recommendation, the court shall grant the defendants' motion for sanctions (docket no. 4), motion for attorney fees and expenses (docket no. 19) and amended motion for attorney fees and expenses (docket no. 38). Attorney fees in the amount of $9,812.50 and expenses in the amount of $344.30 shall be awarded in favor of the defendants and against the plaintiff. The July 14, 2009 judgment that entered against the plaintiff shall be modified to reflect an award of attorney fees and expenses to the defendants in the amount of $10,156.80, plus interest. Further, the defendants' motion to strike and motion for sanctions (docket no. 27) shall be granted in part and denied in part. The portion of such motion that asks the court to strike the "return of offer of orders rendered from the wrong side of the court to obtain power of attorney over plaintiff" (docket no. 18), "notice of revocation of power of attorney" (docket no. 20), "notice of revocation of power of attorney" (docket no. 21), "the court's writ of error quae coram nobis residant" (docket no. 22), "the court's order for plaintiff to proceed upon agreement of the parties" (docket no. 23), "[the] plaintiff's notice of intent to file written application for default against [the

defendants]" (docket no. 25) and "the court's order denying [the] defendants' response to [the] plaintiff's writ, order and notice of intent to file application for default" (docket no. 26) shall be granted. The portion of such motion that asks for the plaintiff to be found in contempt of court shall be denied as moot. Finally, the plaintiff's motion for default judgment (docket no. 28) and "wish that [Judge Scoles'] equitable 'report and recommendation' be stricken from this action at law as a violation of 18 U.S.C. § 241" (docket no. 43) shall be denied.

**IT IS THEREFORE ORDERED:**

(1) Judge Scoles' report and recommendation (docket no. 41) is **ADOPTED**.

(2) The defendants' motion for sanctions (docket no. 4), motion for attorney fees and expenses (docket no. 19) and amended motion for attorney fees and expenses (docket no. 38) are **GRANTED**. Attorney fees in the amount of $9,812.50 and expenses in the amount of $344.30 are **AWARDED** in favor of the defendants and against the plaintiff. The July 14, 2009 judgment that entered against the plaintiff is **MODIFIED** to reflect an award of attorney fees and expenses to the defendants in the amount of $10,156.80, plus interest. The clerk's office is **DIRECTED** to effectuate such modification.

(3) The defendants' motion to strike and motion for sanctions (docket no. 27) is **GRANTED** in part and **DENIED** in part. The clerk's office is **DIRECTED** to strike from the record the "return of offer of orders rendered from the wrong side of the court to obtain power of attorney over plaintiff" (docket no. 18), "notice of revocation of power of attorney" (docket no. 20), "notice of revocation of power of attorney" (docket no. 21), "the court's writ of error quae coram nobis residant" (docket no. 22), "the court's order for plaintiff to proceed upon agreement of the parties" (docket no. 23), "[the] plaintiff's notice of intent to file written application for default against [the defendants]" (docket no. 25) and "the court's order denying [the] defendants' response to [the] plaintiff's writ, order and notice of intent to file

4

application for default" (docket no. 26). The defendants' request to find the plaintiff in contempt of court is **DENIED** as moot.

(4) The plaintiff's motion for default judgment (docket no. 28) and "wish that [Judge Scoles'] equitable 'report and recommendation' be stricken from this action at law as a violation of 18 U.S.C. § 241" (docket no. 43) are **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 29th day of December, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA